UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

LINDSAY SEARS,                                                              6:12-cv-00090-TC

                        Plaintiff,
                                                                            ORDER
v.

SARAH M. SHEELAR ,

                        Defendants.

COFFIN, Magistrate Judge:

   After a three day trial in which nine witnesses testified, plaintiff prevailed on her civil rights claim that she was arrested without probable cause.  The jury returned a verdict of $57,400 in economic damages and $15,000 in non-economic damages based upon claims of $62, 500 and $25,000 respectively.  Plaintiff voluntarily dismissed her state-law claims just prior to trial and her claim for punitive damages was not allowed to go to the jury.

   Presently before this court are plaintiff's motions for attorney fees ( #104,#108 ) and the Bill of Costs (#106) .

Page 1 - ORDER

A. Costs

Plaintiff seeks $1,422 in the Bill of Costs and additional costs and expenses in the amount of $835.37. Defendant's Response to Fees and Costs (#116) does not address the costs and expenses and they are allowed.

B. Attorney Fees

Plaintiff seeks attorney fees in the amount of $134,880. Defendant does object to the amount of attorney fees.

Plaintiff, as the party seeking fees, has the burden of showing that time spent by his attorney was reasonably necessary. Gates v. Deukmajian, 987 F.2d 1392, 1397 (9th Cir. 1992); Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989). In order to support a finding of reasonableness, plaintiff must document the hours spent in the litigation and provide evidence supporting those hours. Gates, 987 F.2d at 1397. Defendants, as the parties opposing the fees, must then rebut plaintiff's evidence by "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in [his] submitted affidavits." Id. at 1397-98.

In determining the reasonableness of fees, the court is not required to respond to each specific objection. Id. at 1400. Rather, all that is required is a "concise but clear" explanation of reasons for the fee award. Id.

Calculating a "reasonable attorney's fee" involves a two pronged approach. A court must first calculate a lodestar figure by multiplying the number of hours reasonably expended on the litigation

Page 2 - ORDER

times a reasonable hourly rate. Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543 (1984). This lodestar figure is presumed to represent an appropriate fee. Under certain circumstances, however, a court may adjust the award upward or downward to take into account the Kerr factors not subsumed within the initial lodestar calculation. Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1988).[1]

Defendant concedes that an award of attorney fees is permissible in this action. Defendant does object to the hourly rate and the number of hours expended.

1. Hourly Rates

Reasonable hourly rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to plaintiff's counsel of record. Blum, 465 U.S. at 897. Blum, instructs courts to look at the prevailing rates in the relevant market. Id. at 895, n. 11.

Plaintiff's counsel seek rates of $400 per hour. Defendant objects and asserts that the hourly rates for the attorneys exceed reasonable rates for counsel in the area.

---

[1] The Kerr factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir 1975). Among the many subsumed factors in the lodestar calculation are the novelty and complexity of the issues involved, the special skill and experience of counsel, and the results obtained. Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988).

Page 3 - ORDER

The court agrees that the hourly rate requested does not comport with the prevailing market rates in the relevant community which is the lower Willamette Valley of Oregon where this court is located. According to the 2012 Oregon State Bar survey, the average hourly rates for attorneys with experience comparable to plaintiff's attorneys in this case are:

William D. Brandt - over 30 years of experience = $274

Mark E. Griffith - over 30 years of experience = $274

Plaintiff's counsel attempts to support their purported rate of $400 per hour by stating that such rate is lower than the rates listed for attorneys in the 95th percentile for Portland and for Oregon. However, such is not the relevant community in the lower Willamette Valley where this court sits. See, Gonzalez v. Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013). Moreover, counsel's contention that they are in the 95th percentile of attorneys is not persuasive and it is not supported with the satisfactory evidence required to meet their burden in this matter. See, Dang v. Cross, 422 F.3d 800, 813 (9th Cir. 2005). Plaintiff's counsel does have many years of experience and they have prevailed in a number of cases over the years, but such is largely subsumed in the greater than 30 years of experience category. A declaration from attorney Tom Steenson states that plaintiff's counsel should be measured against the highest percentile of attorneys. P. 8 of #113.[2] A declaration from attorney Ralph Spooner states that a reasonable rate for attorney Brandt would $375. Without providing much detail, Brandt states, "overall, in numerous cases my fee has far exceeded $400 an hour." P. 4 of Declaration (#110). Mr. Brandt does not mention ever being selected an Oregon Super Lawyer, which is an accolade reserved for the top five percent of lawyers in Oregon. See,

---

[2]Steenson also contends that civil rights cases are more challenging and difficult to prove than other forms of personal injury cases. However, the present action was not complex and did not provide unusual difficulties with proof.

Page 4 - ORDER

Clark v. Bend -LaPine School District, 6:12-cv-1953 TC. Plaintiff's counsel Griffith notes that he was awarded $400 an hour in one case and that his rates are consistent with market rates in Portland. P.p.4-5 of #114. He also notes that he "was awarded the Arthur H. Bryant Public Justice Award by the Oregon Trial Lawyers Association in 2008 and [has] been named as an Oregon Super Lawyer in 2012-2014 (employment litigation-plaintiff)." Id. at 2. While laudable, such does not meet plaintiff's burden with adequate evidence and is not justification in the circumstances of this case for such a large deviation from the initial benchmark rates in the economic survey. See, Roberts v. Interstate Distributor Co., 242 F.Supp. 2d 850, 857 (2002). The hourly rates in the lower Willamette Valley for attorneys with over 30 years experience and in the 75th percentile is $278. A rate of $278 an hour is reasonable for plaintiff's counsel in this action.

2. <u>Number of Hours Expended</u>

The fee claimant must next demonstrate that the number of hours spent was reasonable and that counsel made a good faith effort to exclude excessive, redundant, or unnecessary hours. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Defendant contends that plaintiff's attorneys engaged in unnecessarily duplicative work and appearances.[3] However, defendant also used multiple attorneys in this action for work and appearances. Plaintiff has met her burden that the number of hours spent was reasonable , see p.p.

---

[3]As noted in a previous footnote, this was far from a complex case requiring a team effort by two attorneys at upper echelon rates. Having reduced those rates essentially to average for attorneys of their experience, I do not find their efforts "unnecessarily duplicative" and thus I decline to reduce them further.

Page 5 - ORDER

3-5 of Reply, and that counsel made a good faith effort to exclude excessive, redundant or unnecessary hours.[4]

## CONCLUSION

For the reasons stated above, plaintiff's motions for attorneys' fees (#104, #108) is allowed in part and denied in part; it is allowed in the amount of $ 94,825.80, which represents 341.1 hours at $278 per hour.

Plaintiff's Bill of Costs (#106) is allowed in the amount of $1,422.00 and plaintiff's request for additional costs and expenses of litigation in the amount of $835.37 is also allowed.

DATED this 26th day of March, 2014.

_____
THOMAS M. COFFIN
United States Magistrate Judge

---

[4]Defendant also objected to 1.6 hours of time billed to correct plaintiff's errors and plaintiff has withdrawn those hours.

Page 6 - ORDER